Manatt, Phelps & Phillips, LLP
GREGORY N. PIMSTONE (Bar No. CA 150203)
E-mail: gpimstone@manatt.com
JEFFREY J. MAURER (Bar No. CA 190183)
E-mail: jmaurer@manatt.com
KRISTIN HAULE (Bar No. CA 312139)
E-mail: KHaule@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Defendant
CALIFORNIA PHYSICIANS' SERVICE dba
BLUE SHIELD OF CALIFORNIA[1]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEVERLY OAKS PHYSICIANS SURGICAL CENTER, LLC, A California Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA PHYSICIANS SERVICES dba BLUE SHIELD OF CALIFORNIA; and Does 1 through 100, <br><br> Defendants. | No. 2:18-cv-06407-RGK-RAO <br><br> Honorable R. Gary Klausner <br><br> [~~PROPOSED~~] STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER |

---

[1] Erroneously sued as California Physicians Services dba Blue Shield of California

Disclosures and discovery in this Action are likely to involve production of confidential, proprietary, or private information, including protected health information, for which protection from public disclosure and use for any purpose other than litigating this Action may be warranted. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), 45 C.F.R. § 164.512, and the applicable local rules, the parties stipulate to and petition the court to enter the following Stipulated HIPAA "qualified protective order," as that term is defined by 45 C.F.R. § 164.512(e)(1)(v).

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 38 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

## I.  DEFINITIONS

Capitalized terms shall have the meanings ascribed to them in this Definitions Section.

1.  "Action" means the above-captioned litigation, *Beverly Oaks Physicians Surgical Center, LLC v. California Physicians Services dba Blue Shield of California*, Case No. 2:18-cv-06407-RGK-RAO, which is currently pending in the United States District Court for the Central District of California, Western Division.

2.  "Party" or "Parties" means any party to this Action—including each Party's current and former owners, officers, directors, and employees, and each Party's Experts and Counsel.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3. "Court" means the Hon. R. Gary Klausner, or any other judge or magistrate to whom this Action may be assigned, including Court staff participating in the Action.

4. "Challenging Party" shall refer to a Party to Non-Party that challenges the designation of information or items under this Order.

5. "CONFIDENTIAL" means information (regardless of how it is generated, stored or maintained) or tangible things the party designating or producing it reasonably believes contains or reflects information subject to protection, including without limitation: (1) information protected under the federal Health Insurance Portability and Accountability Act and its implementing regulations (45 C.F.R. Parts 160-164) and California Civil Code Sections 56, et seq.; (2) information in the nature of a trade secret, or other research, investigation, development, commercial or operational information of a confidential or proprietary nature; (3) financial, marketing, planning, strategic, investigative, or other internal information, data, analyses, or specifications of a proprietary, confidential or competitive nature; (4) information deemed confidential or non-public by any regulatory body; (5) information otherwise protected by law from disclosure; (6) information entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and/or (7) any other information with respect to which there is a compelling need for confidentiality.

Documents designated as "Confidential" shall be limited to documents that have not been made public, which the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or competitive position; or in the case of individuals, shall be limited to documents that reveal personal information, such as contact information, social security numbers, or Protected Health Information (as defined in 45 CFR § 160.103).

6. "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall mean Discovery Material (regardless of how it is generated, stored, or maintained)

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

or tangible things that contains highly sensitive private information, non-public business or financial information, the disclosure of which would, in the good faith judgment of the party designating the material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," cause serious and irreparable harm to that party's business or the business of any of that party's customers or clients if disclosed to persons allowed to see Confidential material beyond the persons specified in Paragraph 34 below. The parties anticipate that this designation will be used very sparingly.

7. "Confidentiality Designation" means the Document's designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.

8. "Counsel" means the attorneys and paralegals (as well as their Support Staff) who represent a Party in this Action, including In-House Counsel.

9. "Designating Party" means a Party or Non-Party that designates Discovery Material produced in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10. "Disclose" means to reveal, divulge, give, or make available Discovery Material, or any part thereof, or any information contained therein.

11. "Discovery Material(s)" means all information, regardless of the medium or manner generated, stored, or maintained—including (without limitation) Documents, testimony, transcripts, or tangible things—that is produced in, or created for the purpose of, disclosures or responses to discovery in this Action.

12. "Document" carries the broadest meaning consistent with Federal Rule of Civil Procedure 34, and includes both ESI and paper or hard copy documents.

13. "Electronically Stored Information" or "ESI" is defined to be synonymous in meaning and scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

14. "Expert" means a person who has specialized knowledge or experience in a matter pertinent to this Action—including his or her employees and support personnel, and including firms (and their employees) whose normal business includes the provision of support services to expert witnesses—who is not a Party or an employee of a Party, and who has been retained by a Party or its Counsel to serve as an expert witness or an expert consultant, including without limitation a professional jury or trial consultant retained in connection with this Action.

15. "In-House Counsel" means attorneys who are employees of a party to this action. In-House Counsel does not include outside Counsel of record or any other outside counsel.

16. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

17. "Order" means this Stipulated Protective Order.

18. "Person" means any natural person, partnership, corporation, association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

19. "Producing Party" means a Party or Non-Party that produces disclosure or Discovery Material in this Action.

20. "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," which designation is not challenged or, if challenged, survives such challenge.

21. "Receiving Party" means a Party or Non-Party that receives Discovery Material from a Producing Party in this Action.

22. "Support Staff" means litigation support personnel who are employed by, hired by, or retained by Experts and/or Counsel to provide administrative, secretarial, technical, or logistical support (e.g., photocopying, videotaping, transcribing oral testimony, translating, preparing exhibits or demonstrations, and

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

collecting, organizing, storing, or retrieving Documents or data in any form or medium) in connection with this Action.

23. "Vendor" means outside persons or entities that are retained to provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

## II. SCOPE

24. This Order shall govern the designation and use of all Protected Material.

25. The protections conferred by this Order cover not only Protected Material but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the Parties or their Counsel that might Disclose Protected Material to persons not authorized to receive such material. However, nothing herein shall impose any restriction on the use or disclosure by a Party or its agent of: (a) its own information; (b) information that was in the public domain at the time of its disclosure to a Receiving Party; (c) information that becomes part of the public domain after its production to a Receiving Party as a result of publication not involving a violation of this Order, or (d) information that lawfully came into the possession of the Party independent of any disclosure or discovery in this Action. However, if the accuracy of the information is confirmed only through the review of Protected Material then the information shall not be considered to be in the public domain.

26. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## III. Confidential Health Information – HIPAA

27. The Parties to the Proceeding acknowledge that information produced in discovery, regardless of its designation under this Stipulation and Protective Order,

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

may contain personal and health information subject to the protections of, inter alia, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and California Civil Code §§ 56 *et seq.*, and 1798.82 *et seq.* (collectively "Privacy Laws"), which protect the confidentiality of individually identifiable personal and health information ("Protected Information").

28. Confidential health information shall constitute a subset of CONFIDENTIAL information, and shall be designated as "CONFIDENTIAL" and subject to all other terms and conditions governing the treatment of CONFIDENTIAL material, as set forth herein. In addition, the Parties to the Action and all third-party signatories to this Order agree to take all measures necessary to comply with the requirements of the privacy laws and any other applicable laws governing the privacy of personal and health information. Such measures include, but are not limited to, the development, implementation, maintenance and use of appropriate administrative, technical and physical safeguards, in compliance with the privacy laws and applicable state and federal laws, to preserve the integrity, confidentiality, and availability of Protected Material. The Parties to the Action and all third-party signatories to this Order expressly agree that the citations to the privacy laws in this paragraph are for convenience only and that it remains the obligation of each Party to the Order and third-party signatory to understand and comply with the obligations imposed by the privacy laws and any other potentially applicable state and federal law. This subparagraph shall not prevent a Designating Party from disclosing its own CONFIDENTIAL health information to any person, including its counsel and their partners, associates, paralegals, and clerical and litigation support personnel.

## IV.    DESIGNATING PROTECTED MATERIAL

29.    Any Party to this Action and any Non-Party producing Documents or providing testimony in this Action shall have the right to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and subject to this Order any Discovery Material that the Producing Party in good faith believes constitutes "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, as defined herein.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

30.    **Manner and Timing of Designations**. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material qualifies for protection under this Order as "CONFIDENTIAL" or "HIGHLY    CONFIDENTIAL-ATTORNEYS' EYES ONLY" must be clearly so designated before being Disclosed or produced.  The Confidentiality Designation should not obscure or interfere with the legibility of the Protected Material.

Designation in conformity with this Order requires:

a.    For produced Documents (apart from transcripts of depositions or other pretrial proceedings), by imprinting the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the face of each page of a Document so designated;

b.    For written discovery responses, by imprinting the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" next to or above any response to a discovery request or on each page of a response;

  c. For testimony given in depositions:

   i. The Designating Party has up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.  In that case, the Designating Party may designate such transcript or recording or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying the court reporter and all parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."  All transcripts prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that 30-day period, the transcript shall be treated only as actually designated;

   ii. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" as instructed by the Designating Party.

   iii. If any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material is marked as an exhibit, inquired about, or otherwise used at a deposition, the portion of the transcript that relates to such Protected Material shall be automatically treated in accordance with the exhibit's designation, as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, under this Order.

d.     For ESI, either by imprinting the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on any disk or storage medium, or on the face of each page of a Document so designated, or by designating the production as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the transmittal cover letter;

e.     For non-paper media (e.g., videotape, DVD, etc.) by labeling the outside of such non-paper media as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES' ONLY."   If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the portions containing Protected Material.  In the event a Receiving Party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such Receiving Party must treat each copy, transcription, or printout with the same designation and label it in manner effective to ensure proper treatment.

## V.     ACCESS TO AND USE OF PROTECTED MATERIAL

31.     All Discovery Material produced in this Action shall be used by the Receiving Party solely for purposes of the prosecution or defense of this Action and shall not be used by the Receiving Party for any business, commercial, competitive, personal, private or other purpose. Protected Material shall not be Disclosed by the Receiving Party to anyone other than those set forth in Paragraphs 33 and 34, unless as otherwise authorized herein.

32.     The recipient of any Protected Material that is produced under this Order shall maintain such material in a secure and safe manner that ensures that access is limited to the persons authorized under this Order.

33.     **"CONFIDENTIAL" material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "CONFIDENTIAL," and any summaries, extracts, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, may be

Disclosed by a Receiving Party only to the following individuals under the following conditions:

        a.    Counsel for the Parties and their Support Staff;

        b.    The Court;

        c.    Court reporters in this Action (whether at depositions, hearings, or any other proceeding);

        d.    Those officers, directors, and employees of the Receiving Party that counsel for a Party deems reasonably necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Protected Materials to any such officer, director, or employee, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

        e.    Any person who is indicated, on the face of the Document, to be an author or recipient of the Protected Material, or who otherwise possessed or knew the information;

        f.    During depositions or non-trial hearings, witnesses in the Action who previously did not have access to the Protected Material; provided, however, that each such witness given access to Protected Material shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Order and that they may not be Disclosed other than pursuant to its terms;

        g.    Experts, consultants and their Support Staff for purposes reasonably related to the scope of the Expert's work in this Action, provided they have signed a non-disclosure agreement in the form attached as Exhibit A;

        h.    Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, or hearings, provided they have signed a non-disclosure agreement in the form attached as Exhibit A;

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

i. Private arbitrators and mediators involved in resolving disputes over claims in the Action, provided they have signed a non-disclosure agreement in the form attached as Exhibit A;

34. **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** **Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose material marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and any summaries, extracts, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, only to the following:

a. Outside Counsel for the Parties and their Support Staff;

b. Experts, consultants and their Support Staff for purposes reasonably related to the scope of the Expert's work in this Action, provided they have signed a non-disclosure agreement in the form attached as Exhibit A;

c. The Court;

d. Court reporters in this Action (whether at depositions, hearings, or any other proceeding);

e. Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, or hearings, provided they have signed a non-disclosure agreement in the form attached as Exhibit A;

f. Any person who is indicated, on the face of the Document, to be an author or recipient of the Confidential Materials, or who otherwise possessed or knew the information; and

g. Private arbitrators and mediators involved in resolving disputes over claim in the Action, provided they have signed a non-disclosure agreement in the form attached as Exhibit A.

35. Each Person to whom Protected Material is Disclosed, except the Court and counsel of record in this Action, shall agree to be bound by this Order before receiving any Protected Material.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

36.     A party is not obligated to challenge the propriety of a confidentiality designation at the time it is made.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

37.     If Counsel for a Receiving Party objects to a Confidentiality Designation by a Designating Party in whole or in part, the following procedure shall apply:

a.     Counsel for the Challenging Party shall serve on the Designating Party a written objection to such Confidentiality Designation, which shall describe with particularity the Documents or information in question and shall state the grounds for objection. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to the Confidentiality Designation is being made in accordance with this specific paragraph of the Order.  The written notice of objection to the Confidentiality Designation may be served via email addressed to all counsel of record for the Designating Party.

b.     Counsel for the Challenging Party and the Designating Party shall confer in good faith in an effort to resolve the dispute.  Counsel for the Challenging Party and the Designating Party must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of service of the written notice, unless otherwise agreed.

c.     If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 30 days of the initial notice of challenge (unless the Parties agree to extend that time period to continue engaging in the meet and confer process). Each such motion must be accompanied by a competent declaration affirming that

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 30 days (or within the agreed upon timeframe) shall automatically waive the confidentiality designation for each challenged designation.

d.     In addition, the Challenging Party may, but is not required to, file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by Paragraph 11(b).

e.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VII.  FILING PROTECTED MATERIAL

38.    Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## VIII.  USE OF PROTECTED MATERIAL IN HEARINGS

39.   If Counsel plans to introduce into evidence at any pre-trial hearing any Document or transcript containing material with a Confidentiality Designation produced by another Party or by a Non-Party, they shall provide advance notice to the Designating Party for purposes of allowing the Designating Party to seek an order that the Document or transcript be granted in camera treatment.  If the Designating Party wishes in camera treatment for the Document or transcript, the Designating Party shall file an appropriate motion with the Court within four (4) business days after it receives such notice.  Except where such an order is granted, all Documents and transcripts shall be part of the public record.  Where in camera treatment is granted, a duplicate copy of such Document or transcript with the Confidential Material deleted therefrom may be placed on the public record.

40.   The terms of this Order shall only apply to pre-trial proceedings in this Action and do not preclude, limit, restrict or otherwise apply to the use of Documents at trial.  The Parties agree to confer in good faith on a protective order to govern during the trial of this Action; however, this Order shall remain in effect until an order to govern trial proceedings is entered.

## IX.   INADVERTENT DISCLOSURES OR FAILURES TO DESIGNATE

41.   To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Protected Material that should have been designated as such, regardless of whether the information, Document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, Document, or thing

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

Disclosed, or as to any material or information concerning the same or related subject matter.

42.　Such inadvertent or unintentional disclosure may be rectified by notifying in writing Counsel for all Parties to whom the material was Disclosed that the material should have had a Confidentiality Designation within twenty (20) days of discovery of the disclosure. Such notice shall constitute a Confidentiality Designation of the information, Document, or thing under this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been properly designated. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

43.　In accordance with Federal Rule of Evidence 502, no production made pursuant to this Order shall result in a waiver of the attorney-client privilege or work-product privilege ("privileged material"). This Order is without prejudice to a Party's right to assert the attorney-client, attorney work-product protection, or any other privilege or objection. If any privileged material is inadvertently produced in this matter, the Producing Party may claim it back by requesting return in writing, stating that the production was inadvertent. Within five (5) business days upon receipt of such written notice, the Receiving Party shall confirm in writing that it has either (1) returned the items identified and destroyed any copies which were made or (2) immediately sequestered the material in question and provided the Party making the claim of inadvertent disclosure notice that the Receiving Party intends to challenge the material as not privileged or not inadvertently produced. This paragraph does not restrict the right of the Receiving Party to challenge the Producing Party's claim of privilege.

44.　If a Receiving Party learns that, by inadvertence or otherwise, it has Disclosed Protected Material to any Person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Designating

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

1  Party in writing of the unauthorized disclosures; (b) use its best efforts to retrieve all

2  unauthorized copies of the Protected Material; (c) inform the Person(s) to whom

3  unauthorized disclosures were made of the terms of this Order; (d) request such

4  Person(s) to execute a non-disclosure agreement in the form attached as Exhibit A.

5  **X.     PROTECTED MATERIAL SUBPOENAED OR ORDERED**

6  **PRODUCED**

7      45.    Other than in this Action, if any person subject to this Order who has

8  custody of any Protected Material is served with a discovery request, subpoena or

9  court order, or receives some other form of legal process or request from any court,

10  federal or state regulatory or administrative body or agency, legislative body, self-

11  regulatory organization or other person or entity purporting to have authority to

12  require the production thereof ("Discovery Request"), that compels disclosures of

13  any information or items designated in this action as "CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that person must:

15      a.     Notify the Designating Party in writing within three (3) business

16  days of receipt of the Discovery Request.  Such notifications shall include a copy of

17  the Discovery Request;

18      b.     Promptly notify the proponent of the Discovery Request that

19  some or all of the material covered by the Discovery Request is subject to this Order

20  in writing prior to producing any documents covered by this Order.  Such notification

21  shall include a copy of this Order; and

22      c.     Cooperate with respect to all reasonable procedures sought to be

23  pursued by the Designating Party whose Protected Material may be affected.

24      46.    Upon receipt of this notice, the Designating Party may, in its sole

25  discretion and at its own cost, move to quash or limit the Discovery Request,

26  otherwise oppose production of the Protected Material, and/or seek to obtain

27  confidential treatment of such Protected Material from the proponent of the

28  Discovery Request to the fullest extent available under law.

47.     If the Designating Party does not object or seek a protective order from the court within 14 days of receiving the Discovery Request, the Receiving Party may produce the Protected Material responsive to the Discovery Request.  If the Designating Party timely seeks a protective order or objects, the person served with Discovery Request shall not produce any Protected Material before a determination by the court adjudicating the Designating Party's motion, unless the person has obtaining the Designing Party's permission in writing.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## XI.     ADDITION OF PARTIES AND APPLICABILITY TO NON-PARTIES

48.     Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

49.     The terms of this Order are applicable to Protected Material produced by a Non-Party in this Action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

50.     Any designation of information as Protected Material by a Non-Party shall also function as a consent by such Producing Party to the authority of the Court in the Action to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

## XII.     MISCELLANEOUS

51.     The entry of this Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party or Non-Party with

respect to the Discovery Materials, including but not limited to, any right to assert the attorney-client privilege, the attorney work product doctrine, or other privilege.

52. This Stipulation and Protective Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Stipulation and Protective Order, to determine whether a particular person shall be entitled to receive any Protected Material or to seek relief from inadvertent disclosure of privileged or work product information.

53. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

54. Neither this Order nor the Disclosure of Protected Materials shall be deemed a concession or determination of the relevance, materiality, or admissibility of Protected Material governed by or Disclosed under this Order.

55. The Parties to the Proceeding agree that the terms and conditions of this Agreement are the result of negotiations between their counsel, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which its counsel participated in the drafting of this Agreement.

## XIII. DURATION AND FINAL DISPOSITION

56. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

57. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Order, even after the Proceeding is terminated.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

58.     Within 60 days after the final disposition of this action, each Receiving Party must use reasonable efforts to either return or destroy Protected Materials, except that Counsel may retain for archival purposes complete copies of all court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, Expert reports and attorney work product that contain or refer to Protected Materials, provided that any such archival copies that contain or constitute Protected Material shall remain subject to this Protective Order.  Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

59.     The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Materials from: (1) disaster recovery or business continuity backups, (2) data stored in system-generated temporary folders or near-line storage, (3) unstructured departed employee data, and/or (4) material that is subject to legal hold or retention obligations or commingled with other such material.  Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Materials.  Provided, however, that such retained information shall continue to be treated in accordance with this Order.

60.     The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline of compliance with the final disposition procedures in this Order.

## XIV.  BINDING EFFECT, ENTRY OF ORDER, AND EXECUTION

61.     After this Stipulation and Protective Order has been signed by counsel, it shall be presented to the Court for entry.  The Parties agree that this Stipulation and Protective Order is binding upon them regardless of whether the Order is signed by the Court.

62.     The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation

and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

63. This Stipulation and Protective Order may be executed in counterparts.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

**IT IS SO STIPULATED.**

Dated:    April 25, 2019                    MANATT, PHELPS & PHILLIPS, LLP


By:/s/ Kristin E. Haule
    Gregory N. Pimstone
    Jeffrey J. Maurer
    Kristin Haule
    Attorneys for Defendant
    CALIFORNIA PHYSICIANS'
    SERVICE dba BLUE SHIELD OF
    CALIFORNIA

Dated:    April 25, 2019                    LYTTON & WILLIAMS, LLP


By:/s/ Mina Hakakian
    Richard Williams
    Mina Hakakian
    Attorneys for Plaintiff
    BEVERLY OAKS PHYSICIANS
    SURGICAL CENTER, LLC

## SIGNATURE ATTESTATION

I attest that all other signatories listed and on whose behalf the filing is submitted concur in the filing's content and have authorized the filing.

Dated:    April 25, 2019                              MANATT, PHELPS & PHILLIPS, LLP


By:/s/ Kristin E. Haule
  Gregory N. Pimstone
  Jeffrey J. Maurer
  Kristin Haule
  Attorneys for Defendant
  CALIFORNIA PHYSICIANS'
  SERVICE dba BLUE SHIELD OF
  CALIFORNIA

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  April 26, 2019

By:  _Rozella A. Oliver_

  Honorable Rozella A. Oliver
  United States Magistrate Judge

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [PRINT OR TYPE FULL NAME], of _____

_____

[PRINT OR TYPE FULL ADDRESS], declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California, Western Division in the case *Beverly Oaks Physicians Surgical Center, LLC v. California Physicians Services dba Blue Shield of California*, Case No. 2:18-cv-06407-RGK-RAO.

I agree to comply with and to be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not Disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date:                                              Printed Name:

_____          _____

City and State where sworn and          Signature:
signed:

_____          _____

323541579.1

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles